UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KERRY SALAS DE LA MIYA,

                Petitioner,                Case No. 1:24-cv-287

v.                                    Honorable Robert J. Jonker

BRANCH COUNTY 3-A DISTRICT
COURT et al.,

                Respondents.
_____/

## ORDER OF DISMISSAL

Petitioner[1] is in the custody of Louisiana authorities at the Calcasieu Correctional Center in Lake Charles, Louisiana. He admits that his "original custody was lawful" but claims that it no longer is, and so he seeks "release[] from further detention and confinement." (§ 2241 Pet., ECF No. 1, PageID.1, 3.) But even though he is seeking release from his current custody, he has not named the Louisiana authorities who are actually holding him, and so his "core habeas" petition founders on the immediate custodian rule. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

_____

[1] Petitioner identifies himself and brings this petition in the name of "Executive Secretary of Defense Kerry Salas De La Miya." (§ 2241 Pet., ECF No. 1, PageID.1-4.) In some of his attachments, and on the return address of his envelope he refers to "Executive Secretary of Defense Kerry Brooks Galinis" (*Id.*, PageID.9–10), or simply "Kerry Galinis." (*Id.*, PageID.5.) The Court is using in the caption of this case the name in which Petitioner signed the Petition. Petitioner has referred to himself in both ways in a plethora of other federal litigation, though it appears he most often uses the name in which he signed this Petition. *See, e.g.*, *Galinis v. La. Supreme Ct.*, No. 2:24-cv-1842 (E.D. La.); *Galinis v. 29th Judicial Dist. Ct.*, No. 2:24-cv-1841 (W.D. La.); *Galinis v. Calcasieu Corr. Ctr.*, No. 2:24-cv-1517 (E.D. La.); *Galinis v. State of Louisiana*, No. 2:24-cv-640 (E.D. La.); *De La Miya v. Supreme Ct.*, 2:24-cv-1039 (W.D. La.); *De La Miya v. Calcasieu Sheriffs Prison*, No. 2:24-cv-1034 (W.D. La.); *De La Miya v. 14th Judicial Dist. Ct.*, 2:24-cv-1002 (W.D. La.); *De La Miya v. Calcasieu Corr. Ctr.*, No. 2:24-cv-247 (W.D. La.); *De La Miya v. Branch Cnty. Cts.*, 1:23-cv-1235 (W.D. Mich.). A review of Petitioner's previous filings indicate that this is not the first time Petitioner has sought to challenge his current custody.

In an effort to overcome this hurdle, Petitioner references detainers against him issued by a Michigan Court in Branch County. (*Id.*, PageID.2.) He suggests that what he really wants to do is challenge the Michigan charges underlying these detainers, presumably hoping to invoke the jurisdictional and venue hooks of *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973).  But *Braden* is of no help to Petitioner here.  In the first place, unlike the petitioner in *Braden* who had demonstrably exhausted all his state court remedies against the Kentucky Respondents, there is no evidence that Petitioner has exhausted any of his claims against Michigan or Branch Court authorities here.[2]  And second, the Supreme Court itself made clear in *Padilla* that *Braden* was a very narrow decision that did not displace its holding that "the immediate custodian rule applies to core habeas challenges to present physical custody."  542 U.S. at 444.

Under 28 U.S.C. § 2241(a), "[a] petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement." *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003). Thus, "[i]n habeas challenges to *present* physical confinement . . ., the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent." *Padilla*, 542 U.S. at 444. The "immediate custodian rule applies to core habeas challenges to present physical custody." *Id.*  Here, Petitioner ultimately seeks "release[] from further detention and confinement." (§ 2241 Pet., ECF No. 1, PageID.3.)  Petitioner's instant § 2241 petition, therefore, amounts to a "core habeas challenge to present physical custody." *Padilla*, 542 U.S. at 444.

---

[2] The Petition includes a document entitled "Declaration of Kerry Galinis" (§ 2241 Pet., ECF No.1, PageID.5–8) that may be an effort to address exhaustion, but if that is what it is, it is unavailing. First, it is in the name of "Kerry Galinis," not the name of the Petitioner himself.  Second, it does not contain the language required under 28 U.S.C. § 1746.  Finally, it does not include any actual court filings, or valid references to court filings, that could substantiate a claim of exhaustion.

Because the immediate custodian rule governs here, this Court has no jurisdiction under

*Padilla* to proceed. As in *Padilla*, this Court must dismiss the Petition.  This is without prejudice

to Petitioner's ability to bring a habeas petition in Louisiana against the Louisiana officials actually

holding him there. Nor does this dismissal prevent Petitioner from bringing a *Braden*-style habeas

petition against appropriate Michigan or Branch County authorities if he first exhausts all potential

state law remedies and then confines requested relief solely to the validity of potential *future*

custody based on the Michigan charges.  As long as he is requesting release from his current

custody, however, he must proceed against the authorities currently holding him in the jurisdiction

of his confinement. Accordingly,

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** under the

immediate custodian rule for lack of jurisdiction to proceed.


Dated:   November 4, 2024                        /s/ Robert J. Jonker
                                                           Robert J. Jonker
                                                           United States District Judge